UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN ESPINOSA O/B/O J.E.,

    Plaintiff,

vs.                                    Case No. 8:07-cv-2003-T-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

    Defendant.

_____

**OPINION AND ORDER**[2]

**I. Status**

Juan Espinosa, acting on behalf of J.E., a minor child, is appealing the Social Security Administration's denial of his daughter's claim for Supplemental Security Income. Plaintiff[3]

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #14).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

[3] For the purposes of this Opinion and Order, the designations Plaintiff and Claimant will refer to the minor child.

based the claim of disability on problems associated with diabetes. *See* Transcript of Administrative Proceedings (Tr.) at 113.

Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) Elving L. Torres, in a Decision entered on April 28, 2006. *Id.* at 15, 21-22. The available administrative remedies have been exhausted and the case is properly before the Court.

## II. Determining Child Disability

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Act), Pub. L. No. 104-193, §§ 211-212, 110 Stat. 2105 (codified as amended at 42 U.S.C. § 1382c), "tighten[ed] . . . the definition of 'disabled' with respect to children under 18[.]" *Wilson v. Apfel*, 179 F.3d 1276, 1277 (11th Cir. 1999) (per curiam). Under the Act,

> [a]n individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Act at § 211(a)(4)(C)(i); *see also* 42 U.S.C. § 1382c(a)(3)(C)(i).

The regulations set out a three-step analysis for determining child disability claims. A child is considered disabled if he or she 1) is not engaged in substantial gainful activity; 2) has a medically determinable impairment that is severe; and 3) the impairment meets, medically equals, or functionally equals an

impairment Listing found in 20 C.F.R., Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 416.924. An impairment functionally equals a listed impairment if the child has "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* at § 416.926a(a). Six domains are to be considered: acquiring and using information, attending to and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. *Id.* at § 416.926a(b)(1).

### III. Legal Standard

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a

"failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## IV. Discussion

### A. Listing

Claimant asserts "the Commissioner failed to fully and adequately consider whether [her] type I diabetes mellitus met or medically equaled a listing." Memorandum in Opposition to the Commissioner's Decision (Doc. #18; Memorandum) at 7 (emphasis and capitalization omitted). Specifically, it is argued Defendant "did not adequately develop the record regarding whether the claimant met or medically equaled Listing 109.08 and failed to provide any basis for finding [she] did not meet the Listing." *Id.*

Listing 109.08(B), aside from specifying the presence of juvenile diabetes mellitus requiring parenteral insulin, requires "[r]ecent, recurrent episodes of hypoglycemia" in spite of the receipt of prescribed therapy. Claimants bear the burden of proof as to whether their "impairment meets or exceeds an impairment in the listings[.]" *Maffia v. Comm'r of Soc. Sec.*, 291 F. App'x 261, 263 (11th Cir. 2008) (per curiam). On the other hand, of course, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276

(11th Cir. 2003) (per curiam). In evaluating whether the ALJ fulfilled his obligation, the Court recognizes that "it is always possible to do more." *Johnson v. Chater*, 969 F. Supp. 493, 508 (N.D. Ill. 1997) (internal quotation marks omitted). Thus, "[m]ere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Id.* (internal quotation marks omitted).

The ALJ acknowledged Plaintiff "does require . . . two parenteral insulin treatments a day, and her blood sugar is not optimally controlled." Tr. at 20.[4] He also acknowledged reports of "some nighttime hypoglycemia[.]" *Id.* at 16. However, he concluded "the evidence fails to establish that the child's impairment(s) meets or medically equals a listed impairment[.]" *Id.* The judge noted that "[a]fter [an] initial diagnosis a half decade ago, [the girl] has never required emergency room visits or inpatient stays for diabetic coma or insulin shock, although constant monitoring of her diet and medication levels is understandably needed[.]" *Id.* at 20.[5] Still, he did not explicitly consider whether she had suffered from recurrent, recent episodes of hypoglycemia that did not require hospitalization.

---

[4] This statement formed part of the judge's discussion of the domain of health and physical well-being, and was not made in the context of Listing 109.08.

[5] As with the earlier description, this observation was not purported to constitute an analysis of whether a certain listing had been met.

Claimant points out "[t]he record indicates [she] has had episodes of hypoglycemia or is administered insulin for episodes of hypoglycemia[.]" Memorandum at 9; *cf., e.g.,* Tr. at 56 (school record reporting treatment "as needed for symptoms of low/high blood glucose"), 192 (clinic note mentioning "no symptomatic hypoglycemia recently, except for first thing in the morning occasionally"), 193 (clinic note reporting adjustment of medication intended to "decrease the periods of time in which she is having hypoglycemia"), 248 (recounting "[s]ymptomatic with low sugar in AM"). The Commissioner maintains "the evidence does not document episodes of hypoglycemia at the rate and intensity contemplated by the Listing . . . ." Memorandum in Support of the Commissioner's Decision (Doc. #19; Opposition) at 8. This may indeed be the case, but the matter is not for the Court to determine in the first instance. As there is at least some evidence of recurrent episodes of hypoglycemia, the ALJ should have provided analysis as to whether they satisfied the listing.

**B. Extreme Impairment**

"In the instant case," complains Plaintiff, "the Commissioner defined 'extreme' to mean 'virtually no capacity to function at all' in finding that [she] only has a marked limitation in health and physical well-being[.]" Memorandum at 10 (quoting Tr. at 20). However, she asserts "[t]his definition is clearly incongruent with 20 C.F.R. 416.926a(e)(3)(i)." *Id.*

The regulation at issue explains that an extreme limitation is not "necessarily . . . a total lack or loss of ability to function." 20 C.F.R. § 416.926a(e)(3)(i). Yet, as Claimant observes, the ALJ declared "[e]xtreme means virtually no capacity to function at all." Tr. at 20 (internal quotation marks omitted). Defendant appears to concede the wrong standard was applied, *see* Opposition at 11, but urges "the finding that Claimant has no more than marked limitation in the domain is" nevertheless "supported by substantial evidence." Opposition at 12. Particularly as this case is already being remanded on another issue, the judge will be asked to apply the correct standard and reconsider whether Claimant suffers from an extreme limitation in the domain of health and physical well-being.

**C. Pain**

It is alleged "[t]he record indicates the claimant complained of pain in the form of migraine headaches and from the insulin injections she is required to take[.]" Memorandum at 10. Still, "there was no finding on the credibility of Mr. Espinoza's testimony or the allegations made in the record[, and] no explicit finding or discussion with regard to the pain standard[.]" *Id.* at 13.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological

abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e); 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence. If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." *Marbury*, 957 F.2d at 839 (citation omitted). "Failure to articulate the reasons for discrediting subjective [pain] testimony requires, as a matter of law, that the testimony

be accepted as true."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

Here, the judge merely found "[t]he child's subjective complaints are considered credible only to the extent they are supported by the evidence of record[.]"  Tr. at 22; *cf.* Opposition at 12-13 (not contending the ALJ actually applied the pain standard).  This was plainly insufficient.  On remand, the ALJ must be careful to apply the Eleventh Circuit pain standard, including reanalysis of Mr. Espinosa's testimony as appropriate.

**D.  Findings as to Particular Functional Limitations**

**1.  Interacting and Relating With Others**

Plaintiff argues the ALJ chose to rely upon "those pieces of the record that would lead him to" conclude she "has no limitation in this domain" and failed to "evaluat[e] the entire record as a whole."  Memorandum at 14.

"Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ."  *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).  Rather, the judge "must explain why significant probative evidence has been rejected."  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (citation and internal quotation marks omitted); *see also Medina v. Barnhart*, Civil No. 05-3107 (JEI), 2006 WL 1458205, at *5 (D.N.J. May 24, 2006).

The ALJ determined "the child has no limitations" in this domain. Tr. at 18. The record, though, seems to reflect otherwise. For example, Plaintiff was found by an eligibility committee to be emotionally handicapped, her handicap was found to "exist[] over a period of time in more than one situation[,]" and it was noted that "[s]ocially[,] she has problems maintaining friends[.]" *Id.* at 82. Additionally, she exhibited "[i]nappropriate types of behavior or feelings under normal circumstances." *Id.; see also, e.g., id.* at 64 ("Her behavior interfer[e]s with opportunities to socialize with her peers[.]"), 73 (becomes verbally abusive), 290 (recounting that on the teacher's "Behavior Assessment System for Children [(BASC)] . . . form she was rated Clinically Significant for Externalizing Problems and At Risk for the Behavioral Symptoms Index"), 294 (BASC scores), 321 ("temper outbursts in school"), 324 ("some angry outbursts"). This evidence, which was not adequately considered by the judge, may undermine his dismissal of an evaluator's report of domineering behavior, *cf. id.* at 296, as "a 'one-time' snapshot of her conduct with peers[.]" *Id.* at 18. Thus, on remand, the ALJ will be required to re-evaluate the degree of limitation, if any, in this domain.

2.  **Attending and Completing Tasks**

Finally, Claimant contends the judge's finding of no limitations in the domain of attending and completing tasks, *see*

*id.*, was erroneous. *See* Memorandum at 16. Specifically, objections are raised to the ALJ's assertions "the claimant was never diagnosed with [Attention Deficit Hyperactivity Disorder (ADHD)] and there was no report of tardy performance with school assignments." *Id.*

In the Decision, it was indeed written the child "has never carried a diagnosis of ADHD[ and t]here is no report of tardy performance with school assignments." Tr. at 18. Claimant, however, fails to allege she was ever in fact diagnosed with ADHD, and the Court's perusal of the record does not disclose such. Despite this, and whether or not the record demonstrates a problem with tardy schoolwork per se, *cf. id.* at 58 ("does not complete assignments on time"), the judge's finding that Plaintiff has no limitations with attending and completing tasks should be reconsidered. School reports specifically identify "difficulty . . . completing tasks" in regard to both reading and writing. *Id.* at 63. It was also noted her "behavior interfer[e]s with her ability to complete assigned tasks." *Id.* at 64; *see also id.* at 73 ("frequently off task").

### V. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42

U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision with instructions to 1) explicitly consider whether Listing 109.08(B) has been satisfied; 2) reconsider whether Claimant suffers from an extreme limitation in the domain of health and physical well-being, taking care to apply the correct definition; 3) employ the Eleventh Circuit pain standard and reanalyze Mr. Espinosa's testimony as appropriate; 4) reexamine all evidence bearing upon Plaintiff's capacity for attending to and completing tasks; 5) reassess her ability to interact and relate with others; and 6) conduct any other proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of February, 2009.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any